UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHELTON D. WATSON,

                    Plaintiff,

          -against-

MAGISTRATE JOEL SERRANO, ET AL.,

                    Defendants.

25-CV-9873 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Shelton Watson, who is proceeding *pro se,* brings a notice of removal, under 28 U.S.C. §§ 1441 and 1443, removing child-support enforcement proceedings pending in the Family Court, Bronx County. Although Watson is a defendant in the Family Court action, he styles himself as the Plaintiff in his notice of removal and names Administrative Law Judges, Commissioners, and other non-parties to the child-support proceedings as Defendants.[1]

On February 11, 2026, Plaintiff filed an "Emergency Motion," seeking to enjoin a separate child-support enforcement action involving a different minor that was initiated in Family Court, Queens County. (ECF 22.) On February 12, 2026, Defendants New York City Office of Child Support Services, Executive Deputy Commissioner Frances Pardus-Abbadessa, New York City Human Resources Administration (HRA), and New York City HRA Commissioner submitted a letter arguing that removal of the Bronx Family Court action was procedurally improper and ineffective and urging the Court to remand this action. (ECF 24.) For the reasons set forth below, the action is remanded to the Family Court, Bronx County.

---

[1] Only the defendant in a state court proceeding can remove an action to federal court. *See* 28 U.S.C. § 1441(a).

## STANDARD OF REVIEW

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## DISCUSSION

Removal of this child support proceeding is improper because the Court lacks subject matter jurisdiction of the action. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 290 (1987). To determine the presence or absence of federal question jurisdiction, the Court must look only to the complaint in the state action, and not to any potential defenses. *Id.* at 392; *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998) (holding that removal based on federal question jurisdiction is proper "only if the federal question appears plainly on the face of a 'well-pleaded complaint'").

The Child Support Standards Act, set forth in section 240 of the New York Domestic Relations Law and section 413 of the New York Family Court Act, governs child support in New York. Under state law, a child support order can be modified if there has been a change in the parents' circumstances since the prior order was established, such as a job loss. Litigants can also seek review of support orders within the state court system.

Here, Tasha Green initiated a support proceeding in the Family Court, Bronx County, seeking support for a minor child born in 2014. Support Magistrate Joel Serrano entered an order of support to be made through the Support Collection Unit. (ECF 1 at 27.) The petition for support, which relies on New York law, does not raise a question of federal law and could not originally have been filed in federal court.[2] Removal of the state court petition is therefore improper. *See, e.g., Fax Telecommunicaciones Inc.*, 138 F.3d at 486 (discussing the "well-pleaded complaint" rule).

In his opposition in the Family Court proceedings, Shelton Watson argues that the state proceedings violate his rights under the Fourteenth Amendment to the U.S. Constitution. He contends, for example, that he was "denied the right to an Article III judge and a jury of [his] peers" in the child-support proceedings, and that the Office of Child Support Enforcement has "constructively assumed jurisdiction over a fictional entity (Ens Legis) rather than over the Living Man." (ECF 1 at 59, and 67.) Watson's assertion of a defense arising under U.S.

---

[2] Indeed, even where there is federal question jurisdiction over the state court complaint, which is not the case here, federal courts generally abstain from matters that require the federal court to "interpret New York's domestic relations law, or otherwise to immerse itself in domestic relations matters that are properly the province of the state courts." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *Id.* ("[E]ven if subject matter jurisdiction lies over a particular matrimonial action, federal courts may properly abstain from adjudicating such actions in view of the greater interest and expertise of state courts in this field.").

Constitution does not provide a basis for removal. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (holding that a federal law defense or counterclaim is not a proper foundation for removal of a case from state to federal court); *City of Rome, N.Y. v. Verizon Commc'ns Inc.*, 362 F.3d 168, 175 (2d Cir. 2004) (holding that "[t]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach").

In addition, as Defendants point out in their letter, Watson invokes 28 U.S.C. § 1443(1), which provides for removal to federal court in cases where the defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States." 28 U.S.C. § 1443(1). To qualify for removal pursuant to Section 1443(1), a defendant must show both (1) "that he or she was denied a federally protected civil right on racial grounds" and (2) "that he or she was denied the opportunity to bring or enforce the specified federal civil rights in a state court." *New York v. Smith*, 952 F. Supp. 2d 426, 430 (E.D.N.Y. 2013) (relying on *Johnson v. Mississippi*, 421 U.S. 213, 222 (1975)). "[B]road generalizations or sweeping contentions under the Due Process Clause of the Fourteenth Amendment" are insufficient for removal under Section 1443. *Id.* at 430. Watson's notice of removal does not plead facts about his race or any facts plausibly alleging that he was denied any rights defined in terms of racial equality. He therefore does not satisfy his burden of demonstrating that removal under Section 1443 is proper.

Because the Court lacks subject matter jurisdiction of this action, removal to federal court is improper, and the action is remanded to the Family Court, Bronx County. Nothing in the order

remanding this action prevents Watson from bringing a civil rights action in which he is the plaintiff.[3]

Plaintiff brings an "Emergency Motion," seeking to enjoin a separate child-support enforcement action initiated in Family Court, Queens County. (ECF 22.) The Queens County Family Court proceedings were not removed to this court. Nor could an action pending in Queens County be removed here, given that Queens County is within the Eastern District of New York. 28 U.S.C. § 112(c). Removal is proper only "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff therefore cannot seek relief from orders of the Family Court, Queens County, in this action. Because the Court has concluded that removal of the Family Court, Bronx County, action is improper, his motion for relief from any orders of that state court is also denied.[4]

Finally, the Court notes that Rule 5.2 of the Federal Rule of Civil Procedure obliges filers not to include certain sensitive information in their pleadings, including the names of individuals known to be minors, social security numbers, birth dates, and financial-account numbers. The advisory notes to Rule 5.2 explain that "[p]arties must remember that any personal information not otherwise protected by sealing or redaction will be made available over the internet." Moreover, "[t]he responsibility to redact filings rests with . . . the party making the filing." (*Id.*)

---

[3] For Plaintiff's benefit, however, the Court notes that judges are absolutely immune from suit for damages for "acts arising out of, or related to, individual cases before the judge." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). This immunity is necessary because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ," *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, under 42 U.S.C. § 1983, injunctive relief against a judicial officer is strictly limited.

[4] The Court also notes that lower federal courts do not review decisions of the state courts. *See Hunter v. McMahon*, 75 F.4th 62, 68 (2d Cir. 2023) (federal district courts lack jurisdiction "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court").

Here, Plaintiff's "Notice of Removal" and "Emergency Motion" include the full names and birth dates of minors. To protect these non-parties, the Court has limited public access to these documents.[5]

<strong>CONCLUSION</strong>

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Family Court, Bronx County. The Clerk of Court is directed to send a copy of this order to the Family Courts of Bronx County and Queens County and to close this action. The "Emergency Motion" (ECF 22) is denied and any pending motions shall be terminated.

SO ORDERED.

Dated:    February 12, 2026
          New York, New York

_____
Louis L. Stanton
U.S.D.J.

---

[5] Because this order closes the action in federal court, the Court does not at this time require Plaintiff to redact his pleadings. However, no further applications to this Court will be entertained unless Plaintiff cures these defects.

6